LoConto, J.
This is an action in negligence in which the plaintiff seeks to recover for personal injuries suffered when he put his hand and wrist through a glass panel of a storm door at his apartment The defendant building owner, denied any negligence and alleges that the plaintiffs own negligence caused any injury. The trial court found for the plaintiff and awarded damages in the amount of $12,500.00.
The report discloses evidence that: At the material tíme, the defendant was an -owner of the apartment where the plaintiff was then living. The defendant controlled the pertinent portion of the premises and was responsible for its maintenance. The lower panel of the storm door then attached to plaintiff’s apartment was composed of ordinary glass, not plexiglass or other safety glazing.
Plaintiff’s accident occurred on December 24,1988 at approximately 4:30 P.M., after the plaintiff had spent the afternoon at home, wrapping Christmas gifts and having a couple of beers. Plaintiff was carrying parcels out to his car. In order to open the storm door on his way out, he made his right hand into a fist to knock open the storm door handle. The handle was in the form of a lever. The plaintiff did not attempt to grasp the handle, but struck at it in order to depress it and release the latch. Plaintiff’s hand slid off the handle and went through the glass panel. The plaintiff had never had difficulty in opening this door previously and could not explain why this incident occurred.
The defendant claims to be aggrieved by the court’s denial of its requests for rulings of law and the court’s allowance of plaintiffs requests for rulings of law numbered 10 to 14 and 16 to 17.
These requests and the court’s disposition of the same were as follows:
DEFENDANTS REQUEST FOR RULINGS OF TAW
1. There is not sufficient evidence to warrant a finding for the plaintiff on Count I of his complaint Denied.
2. There is not sufficient evidence to warrant a finding for the plaintiff on Count II of his complaint Denied.
3. There is not sufficient evidence to warrant a finding that defendant violated any duty of care owed to the plaintiff. Denied.
4. In the absence of evidence that the plaintiff would not have been injured as he was if thestorm door panelhad been composed ofadifferenttypeofglazing material, there is not sufficient evidence to warrant a finding that the plaintiffs injury was caused by the defendant’s failure to replace the existing glazing with some other material. Denied.
PLAINTIFF’S REQUEST FOR RULINGS OF LAW
10. The Defendant knew or reasonably should have known of the presence of non-safety glass in the plaintiff’s door. Allowed.
11. The presence of ordinary glass in a storm door lower panel is a hazardous *123 condition imposing upon the defendant a duty to repair and make the storm door reasonably safe. Allowed.
12. The defendant’s failure to correct the hazardous condition constitutes negligence. Allowed.
13. The plaintiff was in the exercise of due care. Allowed.
14. As a result of the defendant’s negligence, the plaintiff suffered an injury. Allowed.
16. The defendant’s failure to correct the presence of ordinary glass in the lower panel of the plaintiff’s storm door constitutes a breach of the implied warrant of habitability. Allowed.
17. The defendant’s breach of the implied warranty of habitability caused the injuries suffered by the plaintiff. Allowed, but no breach of warranty was pleaded.
We rule that it was error for'the trial court to conclude that the defendant was negligent simply from an inference of negligence authorized to be drawn from the case of Johnson v. City of Boston, 22 Mass. App. Ct. 24 (1986), without any other evidence to suggest a causal connection between allowing ordinary glass to remain on the storm door and the plaintiff’s injury.
General Laws Chapter 143, §3v, as enacted by chapter 837 of the Acts of 1971, provides a penalty for anyone who knowingly sells, fabricates, assembles, glazes, installs, consents or causes to be installed glazing materials other than safety glazing materials in, or for use in, any hazardous location. The outer storm door of the defendant’s apartment is a hazardous location as defined in G.Lc. 143, §3T. As a matter of law, a violation of a safely regulation is admissible as evidence of negligence, although not conclusive of the issue. Rice v. James Hanrahan & Sons, 20 Mass. App. Ct. 701, (1985), However, in the case at bar, no violation occurred because the statute regulates future conduct.
Further, in theJohnson case, the defendant introduced the above cited penal statute as evidence that it had not violated the law and therefore was not negligent. The Appeals Court stated that once the defendant introduced such evidence, the juiy was permitted to infer what was sound practice in glazing entrance doors in public buildings. But present in the Johnson case and not in the case at bar is other evidence including evidence of the defendant’s own policy since 1971 to replace broken panels with safety glass or acrylic glazing, and expert testimony of industry efforts to disseminate information regarding the hazards associated with ordinary annealed glass panels. In addition, tests were conducted before the jury on the comparative capabilities to withstand impacts of ordinary annealed glass, laminated glass, wire glass and tempered glass. Without any other evidence, the trial court could not rely on the Johnson case and the existence of a regulatory statute that was not violated, as proof of the standard of care or proximate cause of the plaintiff’s injuries.
Therefore, having found prejudicial error in the denial of the defendant’s request for rulings of law, and for the above stated reasons, we order that judgment for the plaintiff be reversed and that judgment enter for the defendant.